WALTER A. LAVENDER, Administrator de bonis non of the Estate of L. E. HANEY, Deceased, v. J. M. KURN ET AL., Trustees of ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Debtor, and ILLINOIS CENTRAL RAILWAY COMPANY, Appellants.—No. 39174.—195 S. W. (2d) 460.

Division One, June 10, 1946.

Rehearing Denied, July 8, 1946.

*M. G. Roberts, E. G. Nahler, A. P. Stewart* and *C. H. Skinker, Jr.,* for appellants J. M. Kurn et al., Trustees.

*Watts & Gentry* for appellant Illinois Central Railroad Company; *John W. Freels* of counsel.

*N. Murry Edwards, James A. Waechter* and *Douglas H. Jones* for respondent Walter A. Lavender, Admr.

BRADLEY, C.—Action under the Federal Employers' Liability Act, 45 U. S. C. A., Secs. 51 et seq., to recover damages for the death of L. E. Haney. Verdict and judgment for $30,000 went for plaintiff and defendants appealed. Haney was a switch tender in the railroad yards of Memphis, Tennessee, and was killed, while on duty, December 21, 1939, about 7:30 P. M. by being struck in the back of the head by some object.

June 4, 1945, we handed down an opinion in this cause reversing outright the judgment on the ground that plaintiff failed to make a submissible case against either defendant. See Lavender v. Kurn et al., 354 Mo. 196, 189 S. W. (2d) 253. The supreme court of the United States granted certiorari and held that plaintiff made a submissible case against both defendants and that such was so without consideration of the evidence admitted on the theory that it was competent under the res gestae rule. See infra. Our judgment was reversed by the United States Supreme Court and the cause remanded for further proceedings "not inconsistent" with the opinion by the supreme court. See Lavender v. Kurn et al., 66 S. Ct. 740, 90 L. Ed. 692. The cause was reargued here, but no additional briefs were filed.

It was plaintiff's theory that Haney was the 'employee of the trustee defendants and the Illinois Central; and that his death was caused by being struck by a mail hook swinging out from the side of a Frisco mail car while the train was backing on to a switch track lined by Haney. The United States supreme court, as stated, held that plaintiff, without consideration of what we may term the res gestae evidence, made a submissible case and we are bound by the ruling of the supreme court in cases arising under the Federal Employers' Liability Act. Arnold v. Scandrett et al., 345 Mo. 115, 131 S. W. (2d) 542, l. c. 544, and cases there cited. The questions not ruled by the supreme court are on the admission of evidence and on an alleged excessive verdict.

In order to accommodate the reader we here make a brief statement of the facts. For complete statement we make reference to our former

opinion. The Frisco train involved was a passenger train, consisting of 12 cars, made up of 3 baggage cars, 1 mail car which was next to the tender; other cars were Pullmans and chair cars. The train was from Birmingham, Alabama, and its destination was Kansas City, Missouri. The Frisco tracks in the Memphis yards extend east and west and the Illinois Central tracks extend north and south. The Frisco train approached from the east, but stopped east of the Illinois Central tracks. Haney's shanty (office) was west of the Illinois Central tracks, and north of the Frisco mainline track, on which the Frisco train approached from the east. The Illinois Central's Grand Central station was about 2700 feet north of the Frisco mainline track. There was a Frisco switchstand about 200 or 250 feet west of Haney's shanty and on the north side of the mainline Frisco track, by which switch the tracks were so lined that a train could back into the Grand Central Station. In order to reach the Grand Central Station the Frisco train moved west on its mainline track until the rear passed this switchstand, and then Haney lined the switch so the train could back into the station.

The Frisco train started up from the point where it had stopped east of the Illinois Central tracks, moved west until its rear was 20 or 30 feet west of this switch; Haney then lined the switch and the train backed east to the switch and there entered the track which turned north to the station. It was Haney's duty to close the switch when the train cleared, then return to his shanty and give the green light to any train that wanted to cross the Frisco tracks. The Frisco train cleared the switch backing into the station, but the red lights at Haney's shanty remained on. Investigation was made and Haney was found unconscious on the north side of the Frisco mainline track and 14 feet west of the switch with a wound in the back of his head. An ambulance was called, but he was dead when the ambulance arrived at the hospital.

The questions based on the admission of evidence pertain to the evidence of plaintiff's witness Drashman and to the cross examination of defendants' witness Mee. Drashman was coach foreman of the Frisco. It may be said that he testified that he went to the place of Haney's injury with the Frisco superintendent of terminals and before Haney was removed, and while there an Illinois Central switchman (not identified) told him (Drashman) that Haney "was supposed to have been struck by something protruding on the side of the (Frisco) train." Plaintiff contends, as stated, that the evidence of Drashman was competent under the rule of res gestae, and as stated, such is the theory upon which the evidence was admitted. In our former opinion we ruled that this evidence was incompetent. In ruling the point we said [189 S. W. (2d) l. c. 258]:

"Plaintiff contends this evidence is competent under the rule of res gestae. Many cases are cited on the *time* elements in res gestae,

but for such element we will assume without deciding, that the evidence as to lapse of time is sufficient under the rule of res gestae. It is not claimed that the unnamed switchman who made the statement to Drashman was speaking from his own knowledge, but from what he had heard. In other words, the *statement itself* claimed to be competent under the res gestae rule was based on *hearsay*. Can such, under any circumstances, be competent under the rule of res gestae? We do not think so.

"In the brief counsel say: 'Statements of strangers ordinarily classed as hearsay will be admitted as res gestae if they are made as a part of the transaction and so ▮▮▮ closely connected therewith that the witness has no time to reflect or to make up a story that is not true.' In support of such contention many Missouri cases are cited. Among these are Roach v. Kansas City Public Service Company (Mo. Sup.), 141 S. W. (2d) 800; Pryor v. Payne, 304 Mo. 560, 263 S. W. 982; Brinkley v. United Biscuit Co. et al., 349 Mo. 1227, 164 S. W. (2d) 325; Sconce v. Jones, 343 Mo. 362, 121 S. W. (2d) 777. We have examined all the cases cited by plaintiff and find that in each case the statement held competent under the res gestae rule was made by one having first hand information. We find no case where it has even been contended that a statement based on hearsay, as in the present case, may be competent under the rule of res gestae. It is true that the res gestae rule of evidence is an exception to the hearsay rule, but this does not mean that what we term the res gestae evidence may be based on hearsay. This is quite clearly indicated in the Sconce case, supra, in which, and in dealing with the res gestae rule, it is said [121 S. W. (2d) l. c. 781]:

" 'The principal reason for excluding testimony as to statements made by others out of court is that the test of cross-examination, of the person making them at the time they are made, is unavailable as a safeguard against falsification or inaccuracy. This is the basis of the hearsay rule. The statements, herein involved, must come in, if at all, under the classification of the exception (res gestae) of the hearsay rule, which under certain circumstances permits testimony as to *statements, made by a person involved in or present at an accident* (italics ours), declaring the circumstances of an injury at or after its occurrence.'

"We think it quite clear and therefore rule that the statement of the switchman that Haney was supposed to have been struck by something protruding on the side of the train was not competent under the res gestae rule." It is not contended, and with good reason could not be, that the res gestae evidence would not constitute reversible error if not competent. Manifestly this evidence was not admissible under the res gestae rule, and we adhere to our former ruling.

Witness Mee was engineer of the Frisco train involved. On his cross examination the following occurred:

"Mr. Edwards (counsel for plaintiff): Q. In what distance could you stop that train, with safety to yourself and the passengers, going eight miles an hour on a track such as this you were backing in on and conditions such as those? Mr. Skinker (counsel for the Frisco): We object to that because there is no issue of that kind made by the pleadings; there is no charge that Mr. Haney was seen or could have been seen and they could have stopped the train after seeing him; no issue of that kind made in this case. The sole charge is that some protrusion from the train hit him. Mr. Gentry (counsel for the Illinois Central): I make the same objection. It is not pleaded that anybody was guilty of negligence in not stopping the train. Mr. Edwards: That is part of the case; they didn't stop it; they didn't remove it; they could stop it and remove it. Mr. Skinker: Remove what? Mr. Edwards: That is part of the negligence. Mr. Gentry: The negligence is specifically pleaded and that isn't pleaded. Mr. Edwards: That you negligently had something sticking out from this train and hit this man; that your clients didn't furnish him a safe place to work; that is the charge in this case. The Court: It is cross examination; the witness may answer. Exception. A. You can stop within a little over 100 feet."

It is quite apparent that evidence as to distance in which the train could have been stopped was irrelevant, and would not have tended, in the least, to prove that Haney was struck by a mail hook or anything else, but since the cause must be retried because of the admission of the res gestae evidence it will not be necessary to here rule whether or not the evidence of witness Mee would constitute reversible error or would be harmless. On a retrial, if this evidence is offered and objection made, the objection will be sustained unless some relevancy is shown. In the situation, it will not be necessary to rule the assignment on an alleged excessive verdict.

The judgment should be reversed and the cause remanded because of the admission of the evidence of the witness Drashman as to what the unnamed Illinois Central switchman told him. It is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM: The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.